## BABCOCK and another *v.* JUDD and another.

*(Circuit Court, D. Connecticut.* February 8, 1883.)

PATENTS FOR INVENTIONS—SUBSTITUTION.

    The substitution of a new ingredient in a combination of old ingredients is not an infringement.

    *Babcock* v. *Judd,* 1 FED. REP. 408, followed.

*Wm. Edgar Simonds,* for plaintiffs.

*Chas. E. Mitchell,* for defendants.

SHIPMAN, J. This bill in equity is founded upon the alleged infringement by the defendants of Franklin Babcock's reissued patent No. 9,301, dated July 20, 1880, for an improved window-spring catch. The original patent was dated September 29, 1868. A suit upon the original patent between the same parties for the same alleged infringement was tried before me, and was decided in February, 1880. I held that the original patent was not infringed. *Babcock* v. *Judd,* 1 FED. REP. 408. Before a decree in conformity with the opinion was entered in that case the patent was surrendered and the present reissue was obtained. The pending suit was thereupon dismissed by reason of the surrendry of the patent. It is admitted that the first and second claims of the reissue are invalid under the recent decisions of the supreme court. It is said by the plaintiff that the third claim is simply a restatement, and not an enlargement, of the single claim of the original patent. The third claim is:

    "In combination, this exteriorly-threaded case, the bolt provided with a locking shoulder and pressure pad, the spring and the stem supporting the spring, all substantially as shown and described."

Admitting that the plaintiffs' construction of this claim is correct, there is no infringement, for the reasons stated in the former case—*Babcock* v. *Judd, supra.* The new exhibits which the plaintiffs introduced in evidence in this case have no substantial value upon the point which is in controversy.

Let the bill be dismissed.